**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **FRED P. KENNER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-2413** |
| **DUSTIN GUILLOTE, ET AL.** | **SECTION "L"(4)** |

**REPORT AND RECOMMENDATION**

Plaintiff Fred P. Kenner ("Kenner") is an inmate housed at the St. Mary Parish Jail in Centerville, Louisiana. ECF No. 1 at 2 (Deficient Complaint). Kenner filed this *pro se* 42 U.S.C. § 1983 complaint against defendants Dustin Guillote and Unidentified Parties Warden Darrel challenging the conditions of his confinement. *Id.*, ¶B, at 2-3. As relief, Kenner seeks monetary damages. *Id.*, ¶VI, at 6.

At the time of filing his complaint, Kenner did not pay the filing fee or submit an application to proceed *in forma pauperis*. As such, his complaint has been docketed as deficient. ECF No. 1 (Deficient Complaint). However, because the Court recommends the transfer of this case, issuance of a deficiency notice to plaintiff regarding the requirement to either pay the filing fee or submit an application to proceed *in forma pauperis* to cure the deficiency is deferred to the receiving Court.

## I. Venue Provisions

Because § 1983 contains no specific venue provision, venue is determined under the general venue provisions of 28 U.S.C. § 1391. *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973). The general venue statute at 28 U.S.C. § 1391(b) provides as follows:

> A civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving

> rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The provisions of 28 U.S.C. § 1404 and § 1406 allow a court under certain conditions to transfer a case from a district in which venue is wrong to another district or division in which venue is proper, when transfer is in the interest of justice. *See Balawajder v. Scott*, 160 F.3d 1066 (5th Cir. 1998). Some of the interests of justice to be weighed by a transferring court include "the cost and ease of litigation," "the interest in having a case involving local disputes and local law resolved by a local court," and the facilitation of judicial economy and avoidance of duplicitous litigation. *In re Rolls Royce Corp.*, 775 F.3d 671, 677-78 (5th Cir. 2014) (citing *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. W.D. Tex.*, 571 U.S. 49, 62 n.6 (2013)). A court's transfer inquiry requires an "individualized, case-by-case consideration of convenience and fairness." *Id.* at 678.

## II. <u>Discussion</u>

Kenner sued defendants who are not present in this district and urges claims arising from events that did not occur within this district. Instead, the defendants and events occurred in St. Mary Parish, Louisiana. St. Mary Parish falls within the geographical boundaries of the United States District Court for the Western District of Louisiana. 28 U.S.C. § 98(c). Kenner's claims and the named defendants have no connection to the Eastern District of Louisiana to provide a basis for venue here. The interest of justice would be served by transfer of this *pro se* matter to the proper district.

## III. <u>Recommendation</u>

It is **RECOMMENDED** that Fred P. Kenner's civil action under 42 U.S.C. § 1983 be **TRANSFERRED** to the United States District Court for the Western District of Louisiana for further proceedings.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 22nd day of October, 2026.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.